Curia, per
Johnson, J.
In this case the court concur in the opinion expressed by the presiding judge and only find it necessary to give in a concise form the reasons on which that concurrence is founded. It is agreed by the counsel on both sides, and the authorities cited at the bar establish clearly that if an executor die before probate, his executor cannot prove or take on himself the execution of the will of the original testator; and with respect to the first ground of the motion, the only question is, whether the will of Thomas Drayton was admitted to probate within the meaning of the rule. In England, from whence this rule is derived, the probate of the will in the common form, consists of the oath of the executor, that the paper propounded is the true last will and testament of the deceased, and that he will truly perform it by paying, first, the testator’s debts, then legacies, &c. The *52 original is then deposited in the registry of the ordinary and a copy thereof is made out under his seal and delivered to the executor with a certificate of its having been proved before him, and such copy and certificate is stiled the probate. Without regard to the formula of making and delivering a copy of the will and the certificate, it will be seen, that three things are necessary to the completion of the probate — 1st. Proof of the genuiness of the will by the oath of the executor. 2nd. His acceptance of the trust; and 3rd. The sanction or grant of the ordinary allowing it: and that all these are necessary to probate within the meaning of the rule, will be seen by Toller’s Law of Executors, 49. where it is expressly laid down, that if an executor die before probate, he is considered in point of law as intestate with regard to the executorship, although he may have made a will and appointed executors, and although he die after taking the oath, if before the passing of the grant, (cited Offi. Ex. Suppl. 74. 5. 182. 11 Yin. Abr. 68. 90.) The will of Thomas Dray-ton was not, therefore, admitted to probate within the meaning of the English rule, and his executor died intestate as to the administration. But the objection applies still with greater force under the laws of this state, and the state of facts existing in the case. Here the law has superadded, as a pre-requisite, the proof of the will per testes as necessary to the probate, and at this stage of the proceeding, it was arrested by the appeal from the decision of the ordinary and terminated then in the death of the executor, William Henry Drayton, and the subsequent abandonment of the appeal; so that in point of fact, the question whether William Henry Drayton was the executor and entitled to the administration, was never before the ordinary and the time had not arrived when he could accept or renounce it. The probate does not then consist of the judgment of the ordinary allowing the will, *53 for even after this step, the parties interested would be permitted to contest his right to the administration by shewing that he was not the person named in the will, or that his name was interpolated and the like, or he might himself renounce the administration; and, perhaps, the true rule by which to determine' whether an executor transmits to his executor the administration of the first testator’s estate, would be best ascertained by enquiring whether the proceedings are in such a state that he can not renounce. That he may do so at any time before probate according to the rule in England, (or to speak with a more direct reference to the state of things existing here,) before he qualifies, is a proposition that none will controvert. Wm. H. Drayton had not qualified as executor of the will of Thomas Drayton, and his executor is not entitled to his administration. 2nd. The appeal from the judgment of the ordinary did, as is supposed, arrest the proceedings in the court of ordinary, and Wm. H. Dray-ton could not legally qualify pending that appeal, but I ap. prehend that the maxim, actus Dei nemini facit injuriare, has no application to this question. It operates as an excuse for not performing a duty or obligation which from that cause had become impossible, but not, I apprehend, per se, to vest a legal right when none before existed. Here Wilson the executor of Wm. H. Drayton does not claim to be excused from the performance of a duty or obligation, but to be invested with a right which had no legal existence.
3rd. The last ground of the motion is rather a matter of argument than a point of law which has been sufficiently noticed in the preceding remarks.
Motion refused,